————o————

## HANLON *v.* WATERBURY.

WIDOW.—*Partition.*— *Statute Construed.*—Where in an action for partition there are several tracts of land in which a widow is entitled to an estate for life or in fee simple, and there are tenants in common with her in all or any part of such lands, the act of March 5th, 1859 (2 G. & H. 361), does not give her the absolute right to have her interest in several tracts located in a body, selected by her, on one of them, but confers on the commissioners acting under the direction of the court the *power,* where she has made such selection, to set over to her the tract so selected, if they deem it just and proper to do so. The tenants in common in the several tracts, in lieu of her interest in which she makes such selection, must be the same, and each one's interest must bear the same relative proportion in each tract to the interests of the other tenants.

SAME.—*Estoppel.*— *Vendor and Purchaser.*—An administrator, under an order of court granted upon a proper petition in which it was stated that the decedent left a widow surviving him, sold a certain lot, being one of two tracts of land of which the decedent was seized in fee simple at his death, for the payment of the debts of the decedent. After the payment of the debts, the widow, with knowledge of all the facts, received the residue of the proceeds of the sale, as a part of the three hundred dollars to which she was entitled, under the statute, as against heirs and creditors.

*Held,* that the widow was not estopped from claiming her share, as against creditors, of the real estate so sold.

*Held,* also, that the purchaser at such sale or his vendee could not claim to be a purchaser in good faith believing that he was acquiring an unincumbered title to the entire lot.

*Held,* also, that the widow's entire interest, as against creditors, in all her husband's real estate could not be assigned to her in one body, upon her selection, from the other unsold tract in which she as widow was tenant in common with the children and heirs at law of her husband.

APPEAL from the Tippecanoe Circuit Court.

ELLIOTT, C. J.—This was a petition for partition filed by

Margaret Waterbury, the appellee, against Hanlon, who is the appellant here. The petition alleged, that said Margaret was seized in fee, by descent from her husband, William Waterbury, of one undivided third part of a lot in the city of Lafayette; and that Hanlon was the owner in fee of the residue, under a sale thereof made by the administrator of her deceased husband, by order of the Tippecanoe Common Pleas Court; and prayed partition. Hanlon filed an answer, to which a demurrer was sustained; he then filed an amended answer and cross complaint, to which a demurrer was also sustained. Hanlon refusing to answer further, the court awarded partition in accordance with the prayer of the petition, which was subsequently made by commissioners appointed by the court, whose report thereof the court confirmed.

The only question in the case arises upon the action of the court in sustaining the demurrer to the answer and cross complaint. The facts alleged in that pleading are, in substance, these:—

That William Waterbury, the husband of said Margaret, in 1863, died, intestate, seized in fee simple of lots 17 and 21, in the addition of Lafayette laid off by the board of commissioners of Tippecanoe county, of the value of nine hundred dollars, and also of another lot or tract of land adjoining said city, of the value of twenty-five hundred dollars; that his personal estate, which came to the hands of his administrator, only amounted to $109.50, of which said Margaret, as his widow, received $68.20; that there were debts and liabilities against his estate amounting to nearly four hundred dollars; that, upon a proper petition filed by Hine, the administrator, the court of common pleas of said county ordered the administrator to sell said lots 17 and 21, at public sale, to make assets for the payment of the debts of the decedent. The lots were subsequently sold under said order, and one David Waterbury became the purchaser of lot 17; and lot 21 was bid off by Christian B. Keifer at the sum of $366. The sales were subsequently

confirmed by the court. Keifer transferred his certificate of purchase to the appellant, and the purchase-money having been fully paid, the administrator, by order of the court, executed to him a deed for said lot 21; that the conveyance contained no reservation of the rights of said Margaret; that Keifer purchased the same in good faith, believing at the time that he was purchasing the whole of said lot, and the said Hanlon purchased it of Keifer and received a deed therefor under the belief that he was acquiring a title to the entire lot; that on final settlement of the estate there remained in the hands of the administrator $126.14 of the money realized from the sale of said lots, which the administrator paid over to said Margaret, and it was received by her with a knowledge of all the facts, as a part of the three hundred dollars to which she was entitled by law as the widow of the decedent, as against both the heirs and creditors; that the entire interest of said Margaret in all the real estate of which her husband died seized could be assigned and set over to her out of the remaining unsold lot, or tract. It concludes with a prayer that the children and heirs of the decedent (who are named) be made defendants to the cross complaint, and that, on the final hearing, the court decree that the interest of said Margaret in all of said real estate be assigned to her out of said remaining tract.

It is conceded by the appellant's counsel, that, under section 17 of the statute of descents (1 G. & H. 294), one-third of all the real estate of which William Waterbury died seized descended to the appellee, as his widow, in fee simple, free from all demands of his creditors; but it is insisted, that she might elect, under the provisions of the act of 1859, to have her interest in all of said lands assigned to her in one body out of one of the tracts; and that the receipt by her of the residue of the money arising from the sale of the lots 17 and 21, after the payment of the decedent's debts, with a knowledge of the facts, should be taken as conclusive evidence of such an election, and operate as an estoppel to conclude her from claiming any part of lots 17

and 21. This position claims to much for the act of 1859. That act does not confer on the widow the absolute right to have her interest in several tracts located in a body upon one of them. It provides, that in actions for partition, "where there are several tracts of land in which a widow is entitled either to an estate for life, or in fee simple, and there are tenants in common with her in all, or any part of said lands, such widow may select and accept any particular tract or parcel of such lands, in one body, in lieu of her interest in all or any portion thereof. The commissioners, under the direction of the court, if they deem it just and proper to do so, may assign and set off to such widow, the tract or parcel so selected by her as and for her interest in the whole of said lands, or in such part thereof as may be equal in value to the interest of such tenants in common in such selected tract. All persons legally or equitably interested in all or any tract or parcel of the realty of which the husband died seized, and of which the widow claims partition must be made parties whether each is interested in all the tracts or not, and the partition thereof may be made in the same action." When such a selection is made by the widow, the act simply confers on the commissioners, acting under the direction of the court, the *power* to set over to her the tract so selected in lieu of her separate interest in each, if they deem it just.

To render it just, the tract so selected must not only be fairly equal in value to the interest of the widow in the several tracts, but it must operate justly to the other tenants in common. The act can only apply where the other tenants in common in the several tracts are the same, and where each one's interest bears the same relative proportion in each tract to the interests of the other tenants. It cannot apply where the other tenants in common are different in the several tracts. Suppose an administrator should sell three several tracts of equal value, subject to the rights of the widow, and they should be purchased by different persons; would any one insist that the widow might select one

of the tracts in lieu of her interest in each, and thereby deprive the purchaser of that tract of his entire estate, and relieve the other tracts from any claim of the widow? The same principle will apply where by such a selection any one of the tenants in common would be deprived of any portion of his interest in the estate. Here the interest that descended to the heirs in lots 17 and 21, was sold by the administrator. That interest was subject by law to the payment of the decedent's debts; it was sold for that purpose, and their rights in the lots were thereby extinguished; and it would be flagrantly unjust to them to incumber the remaining tract, in which they have an interest, with the interest of the widow in the lots sold by the administrator. The widow's interest was not liable for the decedent's debts. The court did not decree its sale, and could not legally do so.

The petition filed by the administrator, praying for an order to sell the lots, stated the fact that the decedent left the appellee, his widow, surviving; and the purchasers at or under that sale must be presumed to have known that she was entitled to one undivided third of the lots, which was not subject to sale for the payment of the husband's debts; and hence they cannot claim to be purchasers in good faith, believing they were thereby acquiring unincumbered titles to the whole of the lots.

The receipt by the widow of the residue of the money, as a part of the three hundred dollars allowed her by the statute, is no evidence of an intention to release her interest in the lot, nor can it operate as an estoppel. She was entitled to three hundred dollars out of the estate, as against both creditors and heirs. The residue thus paid to her on that account was a part of the proceeds of the estate, and the fact that it was derived from the real estate sold by the administrator cannot estop her from asserting her right to her third of the estate, which was not liable to the husband's debts.

We think the demurrer to the answer and cross complaint was correctly sustained; and the judgment must therefore be affirmed.

Judgment affirmed, with costs.

*H. W. Chase* and *J. A. Wilstach,* for appellant.

