English, Ex'r, v. The State, ex rel. Fields.

---

No. 9217.

English, Ex'r, v. The State, ex rel. Fields.

Supreme Court.—*Practice.*— *Waiver.*—*New Trial.*—Reasons for a new trial covered by a specification in an assignment of error, but not discussed, will be regarded by the Supreme Court as waived.

Same.—*Evidence.*—*Competency.*—The competency of evidence can not be objected to for the first time in the Supreme Court.

Same.—*Preponderance.*—The Supreme Court will not weigh evidence tending to support a verdict, to determine its preponderance.

Guardian and Ward.—*Removal from State.*—*Damages.*—In an action by a ward, in 1880, upon the bond of his guardian who had, in 1873, removed from the State without accounting and paying over, the measure of damages upon recovery was provided by section 163, 2 R. S. 1876, p. 551.

From the Marion Circuit Court.

*J. R. Wilson* and *J. L. Wilson*, for appellant.
*W. W. Herod* and *F. Winter*, for appellee.

BICKNELL, C. C.—This was a claim against the estate of Elisha G. English, deceased.

Thomas Tull, in 1864, was appointed guardian of the minor heirs of George W. Fields, deceased; he gave bond in $1,000, with Elisha G. English as surety.

There were seven of said minor heirs, of whom Elbridge Fields was the youngest. The guardian, after making one report to the proper court, in which he charged himself with $112.81, as due to said Elbridge Fields, on the 27th of March, 1866, and after receiving $1,348.41 from the treasury department of the United States, as pension money due said minor heirs, and to be divided amongst them until they reached the age of sixteen years respectively, removed from the State of Indiana, and has never paid said Elbridge Fields any part of his share of said moneys.

Elbridge Fields became sixteen years old on the 6th day of November, 1873. In June, 1880, he filed this claim upon his guardian's bond, against the appellant as executor of the surety.

When a guardian has removed from the State, suit may be brought upon his bond. Acts 1867, p. 130, section 2.

And in such a case the measure of damages upon recovery is the value of the property converted, or the amount of money unlawfully retained, with interest, such exemplary damages as the court or jury trying the case may be willing to give, and ten per centum on the whole amount assessed. 2 R. S. 1876, p. 592, section 13, and p. 551, section 163.

The claim was duly verified; it stated the following breaches of the bond:

1st. That the said Thomas Tull, guardian as aforesaid, has converted the entire interest of plaintiff in said trust fund to his own use and benefit.

2d. That the said Thomas Tull refuses to pay to said Elbridge Fields the amount due him, although said Fields is of full age, to wit, the age of twenty-one years, and has repeatedly demanded such payment and settlement.

3d. That in 1873 the said Tull removed from the State of Indiana and is now a resident of the State of Kansas, and has not filed with any court, having proper jurisdiction thereof, any report of the receipts and disbursements of said trust funds, and has given no proper account thereof, since March 27th, 1866, although such reports have long since been due.

Copies of the bond, the oath of the guardian and the letters of guardianship were annexed to the claim and filed therewith, and there was a bill of particulars stating the amounts received by said guardian, with the dates of such receipts, and also stating the amount claimed for interest.

There was no demurrer to the claim; the defendant answered in two paragraphs:

1st. The general denial.

2d. Payment.

The plaintiff replied denying the second paragraph of the answer. The issues were tried by the court who found for the plaintiff $1,000. The defendant moved for a new trial and filed the following reasons therefor:

1st. The decision of the court is contrary to law.

2d. The decision of the court is contrary to the evidence.

3d. The decision of the court is not sustained by sufficient evidence.

4th. The damages assessed by the court against the said estate are excessive.

5th. The court erred in the assessment of the amount of recovery against said estate, the same being too large.

The motion for a new trial was overruled. Judgment was rendered for $1,000 and costs, and the defendant appealed. He assigns errors as follows:

1. The complaint of the plaintiff does not state facts sufficient to constitute a cause of action.

. . 2. The court erred in overruling appellant's motion for a new trial.

The first of these errors is not discussed in the appellant's brief, and is therefore regarded as waived.

Of the five reasons alleged for a new trial, the third only is discussed by the appellant in his brief, viz.: that the decision of the court is not sustained by sufficient evidence. The other reasons are, therefore, regarded as waived. *Mackenzie* v. *The Board*, etc., 72 Ind. 189.

The evidence is shown by a bill of exceptions. It consists of oral testimony and of documentary evidence. None of it was objected to at the trial. Its competency, therefore, can not be objected to in this court. *Holderbaugh* v. *Turpin*, 75 Ind. 84.

The evidence tended to support the finding. No evidence at all was offered on behalf of the appellant; when there is evidence tending to support the finding, this court will not weigh the evidence for the purpose of determining whether the preponderance would not be against the finding. *Lentz* v. *Martin*, 75 Ind. 228; *Phœnix, etc., Ins. Co.* v. *Hinesley*, 75 Ind. 1; *Hayden* v. *Cretcher*, 75 Ind. 108. The evidence tends to show that the note for $360, which the appellant claims was not due when the guardian, in his first report, charged himself therewith, had been collected before it was due, but the evidence also shows that, throwing out the claimant's share of that note, his judgment, including interest and ten per cent., would be for more than $1,000.

The appellant claims that one-seventh of the amount of pension money received could not amount to $1,000; but here were seven minor heirs entitled to share in the money when the guardian was appointed, in 1864; the youngest of them, the appellee's relator, was born November 6th, 1857; he was sixteen years old November 6th, 1873; his share had been increasing, as the older children became sixteen years old and were left out. The evidence tends to show that William and Alexander, the two oldest children, were sixteen years old as

early as March, 1867, one of them probably earlier, and that the next two, who were twins, reached that age in March, 1868; that the fifth child was aged sixteen in March, 1870, and the sixth in November, 1871. So that the appellee's relator was entitled to all of the last payment, and to half of the payment next before the last, and to one-third of the next preceding payment, and so on to the beginning, when his share was one-seventh.

The evidence tends to show that the relator's shares of the several payments of pension money, and interest on each, and ten per centum on the entire amount, would exceed the amount of the judgment below, without including the relator's share of the aforesaid note for $360.

There was no error in overruling the motion for a new trial. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.