Filed Feb. 20, 1884.

No. 11,093.

NUTTER v. HAWKINS.

PARTITION.—*Suit by Widow.—Grantee of Administrator.—Defence.—Statute of Limitations.—Decedents' Estates.*—Where the widow of a deceased owner of land brings an action of partition against the grantee of the administrator of her husband's estate, answers, setting up that the plaintiff's cause of action did not accrue either within five years or within twenty years before the commencement of her suit, are not applicable thereto and are bad on demurrer for the want of sufficient facts; but, in such suit, an answer of the limitation of fifteen years, under section 294, R. S. 1881, is a good defence to the action.

From the Daviess Circuit Court.

*J. W. Ogdon*, for appellant.

*A. J. Padgett* and —— *Downey*, for appellee.

HOWK, C. J.—This was a suit by the appellee against the appellant, for the partition of certain real estate, particularly described, in Daviess county. In her complaint the appellee alleged that, on the — day of ——, 1860, Charles Hawkins, late of Daviess county, died intestate at said county, leaving the appellee as his widow and only heir at law ; that the said Charles Hawkins, at the time of his death, was the owner in

fee simple and in the possession of the real estate described, containing eighty acres; that, upon the death of said Charles Hawkins, the one-third part of such real estate descended to the appellee, as his widow and heir; and that the appellant, as the grantee of the administrator of the estate of Charles Hawkins, deceased, was the owner in fee simple of the undivided two-thirds part of such real estate; that appellee and appellant owned and held said real estate as tenants in common. Wherefore appellee prayed judgment that her share of the real estate might be set off to her in severalty, and for other proper relief.

Such proceedings were had in such suit as resulted in a final judgment for the partition-of the real estate, in accordance with the prayer of appellee's complaint.

From this judgment the appellant, Nutter, prosecutes this appeal, and has here assigned as errors the decisions of the circuit court in sustaining appellee's demurrers to the second, third and fourth paragraphs of his answer.

In the second paragraph of his answer, the appellant substantially admitted the death of Charles Hawkins, the decedent's ownership and possession of the real estate in controversy at the time of his death, and that appellee was the widow and only heir at law of such decedent, as the same facts were averred in appellee's complaint; and he then alleged that after the death of said Charles, on the —— day of ————, 1860, Charner Hawkins was duly appointed and qualified as administrator of said decedent's estate, and entered upon the discharge of his duties as such administrator; that afterwards, on the 26th day of December, 1860, the said administrator filed in the clerk's office of the court of common pleas of Daviess county his petition for an order of the court, authorizing him to sell the real estate described in plaintiff's complaint, for the payment of the debts of such decedent, his personal estate being insufficient for that purpose; that the appellee was made a party to such petition; that the administrator caused due notice to be given of the filing and pendency

of such petition, and thereafter, at its May term, 1861, the court of common pleas found the matters and things alleged in the petition to be true, and duly ordered the sale of the whole of such real estate, to pay the debts of the decedent's estate; that, in pursuance of such order of the court, after giving due notice of the time, place and terms of such sale, the administrator sold the whole of said real estate to William Helphenstine on the 22d day of June, 1861, for $——; that the said Helphenstine fully complied with the terms of such sale; that afterwards, on the — day of ——, 1861, the administrator duly reported such sale to said court of common pleas, and thereafter, at its May term, 1862, the court made an order duly ratifying and confirming such sale; that such order of confirmation has never been appealed from, set aside or annulled, but the same still remained of record in said court, unimpaired and in full force and effect; that at the time of such sale, the said Helphenstine took immediate and exclusive possession of said real estate; that afterwards, and in pursuance of said sale and the orders of said court, the administrator, on the 19th day of May, 1863, by deed of conveyance of that date, duly conveyed the whole of said real estate to the said Helphenstine, and he and all his grantees under him, including the appellant, had continuously held, used and occupied the whole of said real estate, and claimed title thereto, under and by virtue of said sale. Wherefore the appellant said, that more than five years had elapsed since the confirmation of said sale, and prior to the commencement of this suit, and he prayed judgment for costs.

In the third paragraph of his answer the appellant first states all the facts set out in the second paragraph, the substance of which we have given, and then alleges that, ever since the said sale and conveyance to William Helphenstine, he and all the grantees holding under him, including the appellant, had continuously held, used and occupied the whole of said real estate, to the exclusion of the appellee, claiming the whole title thereto under said sale and deed, and had en-

joyed all the rents and profits of said real estate during said time, to the exclusion of the appellee, all with the knowledge and without any objection of the appellee, and without any assertion or claim on her part of any interest, right or title to said real estate, or any part thereof, or to any part of the rents and profits thereof, and the appellant averred that more than fifteen years had elapsed since appellee's cause of action accrued, and prior to the commencement of this suit. Wherefore, etc.

In the fourth paragraph of his answer the appellant alleged substantially the same facts as are stated in the second and third paragraphs, and then averred in addition that, at the time of the administrator's sale of the real estate to William Helphenstine, he took actual possession thereof, in good faith, believing that he was, as purchaser, the owner of the whole interest therein, and that ever since said sale the said Helphenstine and all of the grantees holding under him, including the appellant, had been continuously, and without any interruption, in the actual, visible, open, notorious and exclusive possession of the whole of said real estate, receiving, using and enjoying all the rents, issues and profits thereof, and claiming title thereto, adversely and hostile to the appellee and all other persons, for the period of twenty years last before the commencement of this suit, with the knowledge and acquiescence of appellee. Wherefore, etc.

We regret that the appellee's counsel in this case have not favored us with any brief or argument in support of the rulings of the circuit court upon these several paragraphs of the appellant's answer. The questions thereby presented for decision are by no means free from difficulty, and it would have been nothing more than fair if the appellee's counsel had furnished us with the arguments and authorities which induced the learned judge of the circuit court to hold that neither of the paragraphs of appellant's answer, the facts of which we have summarized, was sufficient, if true, to constitute a bar to the appellee's action.

From the facts stated in the second paragraph of his answer, it is manifest that the appellant intended to plead therein the limitation declared in the *fourth* clause of section 293, R. S. 1881, in bar of appellee's action. By this clause of the statute it is provided that actions "For the recovery of real property sold by executors, administrators, guardians, or commissioners of a court, upon a judgment specially directing the sale of property sought to be recovered, brought by a party to the judgment, his heirs, or any person claiming a title under a party, acquired after the date of the judgment," must be commenced "within five years after the sale is confirmed," and not afterward. The court committed no error in sustaining the appellee's demurrer to the second paragraph of appellant's answer. In her complaint the appellee did not seek, nor in the judgment of the court did she obtain, the recovery of real property or of any interest therein. The limitation pleaded in the second paragraph of answer is not applicable to the cause of action stated or the relief sought in appellee's complaint, and for this reason, if no other, the paragraph was clearly insufficient. Besides, the one-third part of the real estate, of which part the appellee claimed to be the owner, descended to her free from the claims of the creditors of her deceased husband, was not liable to be made assets for the payment of the decedent's debts, and his administrator had no power or authority, and could acquire none by any order of the court, to make any sale or conveyance thereof. This is settled by the decisions of this court. *Hanlon* v. *Waterbury*, 31 Ind. 168; *Unfried* v. *Heberer*, 63 Ind. 67; *Elliott* v. *Frakes*, 71 Ind. 412; *Armstrong* v. *Cavitt*, 78 Ind. 476; *Compton* v. *Pruitt*, 88 Ind. 171.

As the logical sequence of this doctrine, it must be held that the *fourth* clause of section 293, *supra*, is not applicable to the case of an attempted sale and conveyance by an administrator of so much of his decedent's real estate as has descended to the widow, free from all demands of the decedent's creditors. So that, in any view of the question, the appel-

lee's demurrer to the second paragraph of answer was correctly sustained.

We are of opinion, also, that the court did not err in sustaining appellee's demurrer to the fourth paragraph of answer. In that paragraph the appellant pleaded the limitation declared in the *sixth* clause of section 293, R. S. 1881, in bar of the appellee's action. In that clause of the statute it is provided that actions "for the recovery of the possession of real estate" must be commenced "within twenty years" after the cause of action has accrued, and not afterward. It will suffice to say that appellee's action is not an action "for the recovery of the possession of real estate," and, therefore, the limitation pleaded in the fourth paragraph of answer is not applicable to the case.

Section 294, R. S. 1881, which is a re-enactment of section 212 of the civil code of 1852 (2 R. S. 1876, p. 124), reads as follows: "All actions not limited by any other statute shall be brought within fifteen years. In special cases, where a different limitation is prescribed by statute, the provisions of this act shall not apply."

In this section of the code, the legislative will is clearly indicated that *all* actions must be limited by some statute. Actions for the partition of real property are not limited by any other statute, and, therefore, in the language of section 294, *supra*, they "shall be brought within fifteen years." In the third paragraph of his answer the appellant has pleaded the limitation of fifteen years. It is well pleaded, is applicable to the case, and constitutes a complete defence to appellee's action. Immediately upon the execution of the administrator's conveyance to Helphenstine, on the 19th day of May, 1863, the appellee's cause of action for partition accrued. She did not commence this action until December 18th, 1882, or nearly twenty years after the execution of the administrator's deed. The limitation of fifteen years had fully run, and constituted a complete bar to her action. The third paragraph

of answer was good, and the demurrer thereto ought to have been overruled.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrer to the third paragraph of answer, and for further proceedings not inconsistent with this opinion.

Filed Jan. 30, 1884.