## HAMPTON *v.* MURPHY.

[No. 6,238. Filed December 8, 1908. Rehearing denied June 23, 1909. Transfer denied March 10, 1910.]

1. DECEDENTS' ESTATES.—*Debts.—Sale of Real Estate to Pay.— Petition.—*A petition by an administrator to sell real estate to pay his decedent's debts, which substantially complies with §2854 Burns 1908, §2338 R. S. 1881, is sufficient. p. 519.

2. MORTGAGES.—*Execution by Wife.—*A mortgage executed by a wife to be valid must be signed by her husband. p. 519.

3. DESCENT AND DISTRIBUTION.—*Husband from Wife.—Estoppel.—* A husband, unless estopped, inherits one-third of his deceased wife's real estate free from her postnuptial debts. p. 519.

4. DESCENT AND DISTRIBUTION.—*Husband from Wife.—Debts.— Estoppel.—Mortgages.—*A husband who joins his wife in executing a mortgage upon her real estate is estopped, at her death, to claim his one-third interest in such land, where such part is necessary to pay the mortgage. p. 520.

5. DESCENT AND DISTRIBUTION.—*Sales of Real Estate to Pay Debts. —Including Husband's Part.—Estoppel.—*Where a surviving husband is made a party to a petition to sell real estate to pay his deceased wife's mortgage debts, and he defaults, a decree being entered to sell the fee simple title, and giving the husband his portion out of the proceeds, and he accepts such portion, receipting the administrator in full for his share, he is estopped from claiming any interest in such real estate. pp. 520, 522.

6. DESCENT AND DISTRIBUTION.—*Husband and Wife.—Mortgage Debts.—*The same rules, as to the payment of mortgage debts, applying to the inheritance by a wife from her husband apply to the inheritance of a husband from his wife. p. 521.

7. DESCENT AND DISTRIBUTION.—*Husband from Wife.—Mortgage Debts.—*A husband's one-third interest in his deceased wife's real estate is liable, if necessary, for the payment of her mortgage. p. 521.

VOL. 45—33

8. LIMITATION OF ACTIONS.—*Administrators' Sales of Real Estate.*—A suit by a party for the recovery of real estate sold by an administrator must be brought within five years after the confirmation of such sale (§295 Burns 1908, subd. 4, §293 R. S. 1881), even though the sale was void. p. 521.

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Suit by Stephen K. Hampton against William H. Murphy. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Harley A. Logan,* for appellant.

*W. B. Hess, Samuel Parker* and *E. C. Martindale,* for appellee.

WATSON, C. J.—Appellant brought this suit by a complaint in three paragraphs. The first was to quiet title to a one-third interest he claimed in eighty acres of land in Marshall county, Indiana. The second was for the partition of said real estate, for the appointment of a commissioner to sell said land, and for an accounting of rents by defendant. The third paragraph alleged, in addition to the averments of the second paragraph, that on September 21, 1896, Emeline Hampton, plaintiff's wife, departed this life, intestate, leaving surviving her this appellant, her husband; that on March 1, 1899, Henry B. Hall was appointed administrator of her estate, and that on June 3, 1899, as such administrator, he filed his petition to sell decedent's real estate to pay her debts, and on August 7, 1899, he sold said eighty acres of real estate to William M. Patterson; that plaintiff's interest in said real estate was not ordered or directed by the court to be sold, and was not sold by virtue of said sale; that plaintiff was the owner in fee of the undivided one-third of said real estate; that defendant has been in possession of said real estate for six years last past, and has had the use, rents and profits thereof, which are of the value of $1,200; that plaintiff's share thereof would amount to $400. Plaintiff asks that he be declared the owner of one-third of said real estate, and that it be ordered sold by the commissioner. He

further demands an accounting of the rents and profits for said period of six years.

To this complaint defendant filed his answer in four paragraphs: (1) General denial. (2) Alleging that Emeline Hampton departed this life on September 21, 1896, the owner of the real estate described in plaintiff's complaint, together with other lands situated in said Marshall county, Indiana, and leaving surviving her as her heirs at law, Stephen K. Hampton, appellant herein, William A., Harrison L., and Maud E. Hampton; that on August 23, 1895, said decedent, together with her husband, executed to William M. Patterson a mortgage upon said real estate described in plaintiff's complaint, to secure a note of even date therewith for $1,775, executed by said decedent to said Patterson; that said mortgage was duly recorded on September 10, 1895, in mortgage record 25, page 87, of the mortgage records of Marshall county, Indiana; that on June 15, 1896, said decedent and her husband executed a mortgage to the People's Loan and Savings Association of Warsaw, Indiana, on which there was due and unpaid at the time of decedent's death the sum of $350, which mortgage was duly recorded in the mortgage records of Marshall county, Indiana; that the whole of the personal estate of said decedent did not exceed in value $87.37; that on March 2, 1899, said Stephen K. Hampton filed with the clerk of Marshall circuit court a relinquishment of his right, as the widower of said decedent, to administer upon her estate, and requested that Henry B. Hall be appointed as such administrator, and thereupon on said day said Hall was duly appointed and qualified as such administrator, and caused the personal estate to be inventoried and appraised, which amounted to $87.37; that on May 24, 1899, William Patterson filed his note and mortgage as a claim against said estate, the amount claimed to be due thereon at that time being $1,880; that there was also due on the People's Loan and Saving Association's loan, $375, and $21 of unpaid taxes on the mortgaged real estate; that the

cost of administration on said estate paid and allowed by said court amounted to $223.36; that on June 3, 1899, said administrator filed his petition in the clerk's office of Marshall county, asking for an order to sell the real estate embraced in both mortgages to pay said mortgages, taxes, debts and liabilities of said estate; that Stephen K. Hampton, William A., Harrison L., and Maud E. Hampton, William Patterson and the People's Loan and Savings Association were made parties defendant to said petition; that all of said defendants were duly served by the sheriff of Marshall county with notices thereof, except William M. Patterson and the loan association, which parties waived issuing of notice, appeared and filed answers; that said Stephen K. and William A. Hampton failed to appear, either by person or attorney, and were duly defaulted, and said Harrison L. and Maud E. Hampton appeared by guardian *ad litem*, who filed answer to said petition for and on behalf of said minors; that said administrator asked that he be granted an order by said court to sell said real estate described in said petition to pay the debts and liabilities, and that it be sold free from all liens and encumbrances thereon; that upon the hearing thereof the court found that said William M. Patterson held a mortgage on said eighty acres of real estate on which there was due on June 21, 1899, $1,888.45; that there was the further sum of $81, taxes and penalties due on said real estate on a tax certificate held by Julia E. Thompson; that the People's Loan and Savings Association held a lien on a house and lot embraced in their mortgage; that the court ordered all of said real estate described in said petition to be sold as prayed for therein, and that the liens and mortgages of said Patterson and the People's Loan and Savings Association attach to and follow the funds arising from such sales; that all of said real estate was duly sold according to the order of the court after due notice of the time, place and terms of said sale as required by law; that appellant counseled, advised and consented that

his interest, as widower of said decedent, in and to the real estate described in the petition by order of court be sold, and agreed to take his interest therein out of the proceeds of said sales after the payment of said mortgages, taxes and other just and proper claims; that said eighty acres, on August 7, 1899, was duly sold to William M. Patterson, who bid $1,987.84, which was the highest and best bid therefor; that said Patterson afterwards, for value, assigned said certificate so issued to him by said administrator to this defendant, William H. Murphy; that afterwards, to wit, on November 1, 1899, said administrator, by order of the court, executed a deed to said eighty acres of land to said Murphy, who thereupon took immediate possession thereof, by virtue of his said deed, and has ever since been in open, notorious, uninterrupted and exclusive possession thereof; that the amount realized from the sale of said eighty acres of land was not sufficient to pay and satisfy in full the Patterson mortgage thereon and the tax certificate held by Julia E. Thompson; that said Stephen K. Hampton afterwards receipted to said administrator in full for his interest in and to the personal estate and his surplus from the sale of the real estate other than the eighty acres described in the petition after the payment of the savings association's mortgage, taxes and costs.

The third paragraph of answer alleged substantially the same facts as are alleged in the second paragraph, and also set out the receipt of Stephen K. Hampton to Henry B. Hall, administrator, which is as follows:

"Received November 8, 1899, from Henry B. Hall, administrator of the estate of Emeline Hampton, deceased, the sum of $321.31, in full of my share of the personal property and real estate of said estate, which has been sold by said administrator, as the surviving husband of said decedent.     Stephen K. Hampton."

The fourth paragraph, in addition to the facts alleged in the second and third, in the prayer demanded that appellant ought not to maintain this suit, for the reason that the cause

of action did not accrue within five years before the bringing of this action. Appellee also filed a cross-complaint, in two paragraphs, to quiet title to said real estate. Demurrers were filed to the second, third and fourth paragraphs of answer, and also to the second paragraph of appellee's cross-complaint, which averred substantially the same facts as alleged in the second, third and fourth paragraphs of answer. The court overruled each of these demurrers. The cause was then put at issue by general denials. The errors assigned are the overruling of the demurrers to the second, third and fourth paragraphs of answer and the second paragraph of cross-complaint, and the overruling of the motion for new trial.

The appellant says that the decision of this case is controlled by the fact as to whether the petition by the administrator was sufficient to confer jurisdiction on the court to order appellant's land, as widower of said decedent, sold. The petition filed by the administrator, making Stephen K., William A., Harrison L., and Maud E. Hampton, William M. Patterson and the People's Loan and Savings Association parties defendant, averred the following: That the personal estate of said decedent amounted to $87.37, as shown by the inventory and appraisement on file in said estate; that the indebtedness of said estate that has come to the knowledge of the administrator, including taxes and mortgages, amounted to $2,500; that the personal property would be insufficient to pay the taxes, debts and expenses of the administration, aside from the liens on the real estate; that there was filed and pending against the estate a claim of William M. Patterson on his note, secured by mortgage, for $1,775; that there was outstanding a tax certificate on said real estate for the sum of $80; that William M. Patterson held a mortgage executed by decedent and her husband against the real estate in controversy, to secure the payment of said $1,775, which mortgage was recorded in mortgage record 25, page 87, in the mortgage records of Marshall

county, Indiana; that the People's Loan and Savings Association held a mortgage executed by decedent and husband to secure the sum of $500, which mortgage was recorded in mortgage record 28, page 239, of the mortgage records of Marshall county, Indiana, alleging that both of said mortgages were due; that the probable value of the eighty acres, which is the subject of this controversy, was $2,400; that the probable value of the house and lot was $1,000. A description of the real estate asked to be sold, of which decedent died seized, was set forth. It was alleged that said decedent died intestate, leaving surviving her Stephen K. Hampton, widower, William A., Harrison L., and Maud E. Hampton, children. The administrator prayed that an order be granted to him, as said administrator, to sell said real estate to pay the debts and liabilities, and that the same be sold free of all liens and encumbrances thereon.

The court thereupon ordered that all the land that was embraced in the petition be sold, free from all liens, and that the liens of said mortgages immediately attach to and follow the funds arising from the sale of real estate covered by said mortgages respectively to the extent of the amount due on account thereof. The petition by the administrator to sell the real estate of the decedent averred facts sufficient to comply substantially with §2854 Burns 1908, §2338 R. S. 1881.

1. 

The answers as well as the cross-complaint aver the execution of the note and mortgage by decedent, and that appellant joined her in the execution of the mortgage to William M. Patterson. Not until he had joined her in the execution of the mortgage did it become valid.

2. 

Section 3016 Burns 1908, Acts 1891, p. 71, §1, provides that if a wife die testate, or intestate, leaving a widower, one-third of her real estate shall descend to him, subject, however, to its proportion of the debts of the wife contracted before marriage. It is not therefore subject to the payment of the general debts of the deceased

3.

wife. He takes the one-third under the statute absolute, and his right cannot be molested, except in case where he has waived it by agreement or has estopped himself from any claim to it. *Roach* v. *White* (1884), 94 Ind. 510; *O'Hara* v. *Stone* (1874), 48 Ind. 417; *Banta* v. *Smith* (1908), 41 Ind. App. 364; *Huffman* v. *Copeland* (1894), 139 Ind. 221.

If the husband has joined his wife in the execution of a mortgage upon her real estate he is estopped from denying the jurisdiction of the probate court to order all the real estate sold thus mortgaged, if necessary to pay and discharge the mortgage lien. *Kemph* v. *Belknap* (1896), 15 Ind. App. 77; *Pearson* v. *Kepner* (1902), 29 Ind. App. 92; *Herbert* v. *Rupertus* (1903), 31 Ind. App. 553.

The third paragraph avers more than acquiesence or standing by. It charges, and the evidence supports the paragraph, that appellant participated in the sale of the real estate; that he said unless the Patterson bid was raised he would not get a cent, and tried to induce the party to raise the Patterson bid; that he procured the appointment of the administrator, permitted the petition to sell the real estate to go by default, receipted to the administrator for the surplus of the proceeds arising from the sale of other real estate described in the petition and sold under the same order, terms and conditions as the real estate was sold embraced in the Patterson mortgage. He is therefore estopped from challenging the validity of the proceedings or sale of the real estate. *Pepper* v. *Zahnsinger* (1884), 94 Ind. 88; *Smock* v. *Reichwine* (1889), 117 Ind. 194; *Lewis* v. *Watkins* (1898), 150 Ind. 108; *Armstrong* v. *Hufty* (1901), 156 Ind. 606. In the the case of *Lewis* v. *Watkins, supra,* the court said: "If, however, the widow consents to such sale by the administrator under order of the court, and afterwards receives her share of the purchase

money, she would be estopped from disputing the validity of the sale."

There is neither reason nor equity for a different rule, as to the power of the court to order the whole of the real estate sold upon a proper petition, to be applied to a widower, who has joined with his wife in the execution of the mortgage upon her land, than is applied to a widow who has joined her husband in the execution of a mortgage on his real estate.

6.

It must be borne in mind that the eighty acres which was embraced in the mortgage did not sell for a sufficient sum to pay and discharge the liens thereon, and until these liens, one the taxes and the other the Patterson mortgage, were paid in full appellant could have no right in the proceeds from the sale of the land. Having signed the mortgage, the court had the power to order the whole of the land embraced therein sold, if necessary to pay and satisfy the mortgage lien.

7.

It is earnestly insisted that this suit cannot be maintained, for the reason that more than five years has elapsed from the confirmation of the sale of the real estate by the probate court and the commencement of this suit.

8.

That titles to real estate are protected under subdivision four of §295 Burns 1908, §293 R. S. 1881, has been uniformly held in actions to recover real property by a party to the proceedings. As in this case, appellant's right under said clause to recover one-third of the eighty acres of land, or to quiet the title thereto, is barred after the expiration of five years from the confirmation of said sale by the probate court, and this is true even though the sale be void. *Vancleave* v. *Milliken* (1859), 13 Ind. 105; *Vail* v. *Halton* (1860), 14 Ind. 344; *White* v. *Clawson* (1881), 79 Ind. 188, and cases cited; *Davison* v. *Bates* (1887), 111 Ind. 391; *Parmerlon* v. *Hoop* (1892), 131 Ind. 23; *Hawley* v. *Zigerly* (1893), 135 Ind. 248; *Fisher* v. *Bush* (1892), 133 Ind. 315; *Armstrong* v. *Hufty, supra; Axton* v. *Carter* (1895), 141

Ind. 672; *Barton* v. *Kimmerley* (1905), 165 Ind. 609, 112 Am. St. 252. It was said in the case of *Fisher* v. *Bush, supra,* at page 319: "The action is to recover real estate sold by an administrator under an order of court, specially directing the sale, and the time for the bringing of the action is limited by the fourth subdivision of §295 Burns 1908, §293 R. S. 1881. It has been held that such actions are barred in five years, though the sale be absolutely void."

We find no error in the record, and the judgment is therefore affirmed.

## On Petition for Rehearing.

Watson, J.—Appellant in his brief on behalf of his petition for a rehearing earnestly insists that the opinion in this cause is contrary to the holdings in the following cases: *Kent* v. *Taggart* (1879), 68 Ind. 163, *Compton* v. *Pruitt* (1882), 88 Ind. 171, and *Nutter* v. *Hawkins* (1884), 93 Ind. 260. In the case of *Kent* v. *Taggart, supra,* it is shown that the widow was not a party to the petition to sell, nor does it affirmatively show that she joined with her husband in a mortgage, whereby the court would acquire jurisdiction to sell her one-third interest, if necessary, to pay the mortgage debt. In the case of *Compton* v. *Pruitt, supra,* while the petition does not so say, yet the court held that it did state facts that were equivalent to the statement "that only two-thirds of the land was liable to be made assets." Therefore the court had no jurisdiction to order the other one-third sold. In the case of *Nutter* v. *Hawkins, supra,* the Supreme Court held that the probate court had no power or jurisdiction to order the sale of the widow's interest, for the reason that it appeared on the face of the record that her one-third interest was not liable to be made assets for the payment of her deceased husband's debts. But in this case it appears in the petition and in the answers and cross-complaint that decedent, Emeline Hampton, and appellant, Stephen K. Hampton, her husband,

had executed a mortgage to William M. Patterson on the real estate ordered sold, of which one-third thereof is the subject of this controversy. Hence the rulings in these cases apply to the given state of facts in the case at bar.

In the case of *Lantz* v. *Maffett* (1885), 102 Ind. 23, it was claimed that, in a proceeding to sell real estate by the administrator, the heirs were only required to meet the allegations of the indebtedness of the decedent, and no question of title to the real estate was involved. In the consideration of that case the court said at page 30: "If this assumption were correct, then there would be no reason for the petition to aver ownership in the decedent, or for making the heirs parties to answer as to their interests in the land. * * * The fallacy of this argument is apparent; it unduly assumes that the heir is only challenged to meet the allegation of indebtedness; whereas he is challenged to meet that claim and also meet the claim that the land was owned by the deceased, and is subject to sale for the payment of his debts. One of the most important issues which the heir, or other party, is challenged to meet is the right of the administrator to sell the land. That such an issue should be met and settled is demanded by high considerations; it is demanded by the interests of society, which require the firm and speedy settlement of controversies; it is demanded for the security of purchasers at administrators' sales; it is demanded for the benefit of heirs and creditors who have an interest in securing confidence in judicial sales, and it is demanded in order to give stability to titles and inspire confidence in the judgments of the courts."

Appellant was made a party to the proceedings to sell said real estate. If, therefore, he believed he was the owner of one-third of the real estate described in said petition, and that the administrator of the estate of Emeline Hampton, deceased, was not entitled to an order to sell the whole thereof, he should have contested the ownership and the proceedings as to the right of said administrator to procure such

an order. This petition presented these questions and they were permitted to go by default by appellant, and decided against him upon said default and proof of the allegations of said petition. He is therefore estopped from now asserting any title to said real estate. *Parker* v. *Wright* (1878), 62 Ind. 398; *Lantz* v. *Maffett, supra; Armstrong* v. *Hufty* (1901), 156 Ind. 606.

The petition for rehearing is therefore denied.