## Litson v. Brown.

HUSBAND AND WIFE.—SEPARATION.—If a wife, while separated from her husband, has the means of support, whether furnished by the husband or arising from her separate estate, the husband, though the separation may have taken place on account of his misconduct, can only be held

liable, while she has such means, for necessaries furnished to her, upon his express promise to pay.

SAME.—But if the separation was produced by his misconduct, and she had no means of support till sometime after the separation, he would be liable for necessaries furnished to her in the interim.

APPEAL from the *Jefferson* Common Pleas.

ELLIOTT, J.—*Brown*, the appellee, sued *Litson*, the appellant, for board, clothing, washing and care furnished by him to *Ann Litson*, the wife of the appellant, from the 1st of *November*, 1864, to the 16th of *October*, 1865. Issue, trial and judgment for the plaintiff for $200. The defendant appeals.

The facts of the case are, in substance, these: On the 1st of *November*, 1864, *Ann*, the wife of the defendant, abandoned his home and went to the house of the plaintiff, who was her brother-in-law, to reside, and so continued to reside with him until the 16th of *October*, 1865, at which time she was divorced from the defendant by a decree of the *Jefferson* Circuit Court. She was justified in abandoning the defendant by his improper conduct and treatment of her. The defendant was the owner of a house and lot at the time of the separation, which he afterwards sold to one *Bain* for $700, and to induce *Ann*, his wife, to join in the conveyance, he directed *Bain*, the purchaser, to pay to her $233 33 of said purchase money, which he did on the 1st of *January*, 1865. The plaintiff knew of her receipt of the money, and she loaned him, at the time, $225 of it, for which he gave her his note, but re-paid the money to her on the 17th of *April*, 1865.

The question presented in the case is whether, under the circumstances stated, the plaintiff is entitled to recover of the defendant for the board of his wife during the whole period of their separation, until the date of the decree of divorce.

The court below instructed the jury as follows: "If you find from the evidence that the defendant owned a house and lot in the town of *Hanover*, which he desired to sell, and that his wife refused to join in the conveyance unless

she should receive what she claimed as her interest in the property, out of the proceeds of sale, and to induce her to join in the conveyance, the defendant authorized the purchaser to pay her one-third of the proceeds of sale, which was done, and the plaintiff in this case was acquainted with all the facts, and borrowed of the defendant's wife the money so paid her; this state of facts, if proven to be true, would not relieve the defendant from the payment to the plaintiff for necessary board, lodging and nursing furnished the wife, if it appears from the evidence that the wife was compelled to leave her home by the misconduct of the defendant." The defendant excepted to this instruction.

The husband is bound to support and maintain the wife, and to furnish her with necessaries, and during cohabitation there is a presumption of law, arising from that fact, that the husband assents to contracts made by the wife for the supply of articles suitable to their means and station in life. It is an implied agency, arising from the marriage relation, during cohabitation. But when the parties cease to live together, then a new state of things arises, and with it new rules of law. The implied agency of the wife to contract for necessaries, arising from cohabitation, no longer exists. If the wife, of her own will, elopes or leaves the husband, without his fault, he is not responsible even for necessaries furnished her by one having a knowledge of the separation. But if the husband expels the wife from his house without her fault, or compels her to leave his house by cruelty to her, and without the means of support, he sends with her credit for her reasonable expenses. This liability does not, in such case, rest upon an implied agency, but is an obligation imposed by the law from necessity, and is founded on the marital relation, and the duty of the husband to maintain the wife. If the husband who, in violation of his marital obligations, drives his wife from his house without the means to procure the necessaries of life, could also deny the credit to supply them, she would be liable to suffer or perish from want. The law, therefore, from necessity, authorizes

any one to supply her necessary wants, under such circumstances, and to look to the husband for compensation. But if she has the means of support, while so separated from her husband, come from what source they may, whether furnished by the husband, or arising from her separate estate, no necessity exists that they should be furnished by others, and in such case the husband could only be held liable upon an express promise to pay. See Chitty on Con., p. 171, *et seq.;* 1 Parsons on Con., title "Married Women," § 3, p. 345; *Liddlow* v. *Willmot,* 2 Stark. R. 86; *Dixon* v. *Hurrell,* 8 Car. & P. 717.

In the case at bar, the wife, after the receipt of the money from *Bain,* was possessed of means sufficient to supply her reasonable wants and necessities up to the time of the decree of divorce; the plaintiff knew that fact, and therefore had no claim to look to the defendant for the wife's board during that period; but for the time prior to the receipt of that money, we think the defendant was liable. The wife was, during that period, destitute of means, which rendered the husband liable for her board and necessaries, and the liability having once attached, it was not discharged by the subsequent receipt of money by her. We think the instruction of the court to the jury was erroneous. The jury, under the instruction, allowed the plaintiff for the board of the wife for the entire period of their separation, until the decree of divorce. The verdict was therefore excessive, and a new trial should have been granted.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*Walker* and *Matthews,* for appellant.
*Allison* and *Friedley,* for appellee.