## OINSON *v.* HERITAGE.

HUSBAND AND WIFE.—*Abandonment.*—*Necessaries.*— *Condonation.*—A husband whose wife has abandoned him without cause and lived apart from him, without means of support of her own or furnished by him, is not liable to a person who, with notice of the abandonment, furnished her necessary support during the separation, though she has afterward returned to her husband, and he has received her and lived with her as his wife.

From the Madison Circuit Court.

*J. A. Harrison* and *W. March,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

Oinson *v.* Heritage.

WORDEN, J.—This was an action by the appellant against the appellee, upon a promissory note executed by the defendant to the plaintiff.

Set-off pleaded exceeding the amount of the note. Issue, trial, verdict and judgment for the defendant. The plaintiff unsuccessfully moved for a new trial, and excepted to the overruling of his motion.

The court gave to the jury the following, among other instructions, to which the plaintiff excepted:

" 2. The defendant's set-off consists mainly of divers articles and services alleged to have been furnished and rendered to the plaintiff's wife and her infant child. If you find from the evidence that plaintiff's wife was living separate from him; that she had abandoned him, and had sufficient cause for so doing, that is, such excuse as will entitle her to a divorce from him under the laws of Indiana; that she had no means of support, and the plaintiff failed to provide for her support ; and the defendant, while she so lived away from her husband, took care of her and furnished necessaries for her support, or empowered other persons to take care of, board, and nurse, and provide for, and furnish necessaries for her and her child, and for which the defendant paid prior to the commencement of this suit, you will allow defendant the value of such services and articles you find from the evidence were so done and furnished and were necessary for the support and maintenance of herself and child.

" 3. But if you find from the evidence that plaintiff's wife abandoned him without such sufficient cause, and defendant knew of such abandonment, and afterward furnished her necessaries in the manner aforesaid, the plaintiff is not liable for necessaries so furnished by the defendant or any other person.

" 4. If you find from the evidence, however, that she had abandoned him without such sufficient cause, and the defendant, having knowledge of such abandonment, furnished her necessary support ; that she had not the means for her sup-

Oinson *v.* Heritage.

port, and that plaintiff failed to provide for her support while so living apart, and afterward she returned to her husband,. and he received her back and lived with her as his wife, he is liable for necessaries so furnished during said absence."

Passing over the second and third charge, we proceed to the fourth, which we think is fatally erroneous.

The substance of that charge is, that if the plaintiff's wife abandoned him without cause, and lived apart from him, she having no means of support, and he furnishing none, and the defendant, having notice of the abandonment, furnished her necessary support during such separation, the plaintiff was liable therefor, if she afterward returned to him, and he received her and lived with her as his wife.

"The duties of the wife, while cohabiting with her husband, form the consideration of his liability.  He is accordingly bound to provide for her in his family ; and while he is not guilty of any cruelty, and is willing to provide her a home, and all reasonable necessaries there, he is not bound to furnish them elsewhere.  All persons supplying the food, lodging, and raiment, of a married woman living separate from her husband, are bound to make inquiries, and they give credit at their peril."    2 Kent Com.  147.

But the point of the charge seems to be that the husband, by receiving back his wife and living with her as such, becomes liable for necessaries furnished her during her separation from him, when he would not have been but for having thus received her back.  But such, we think, is not the law.  No valid reason occurs to us why it should be so. There is, to be sure, a passage in Kent, at the page before quoted, that seems to convey such idea.  He says :  " The very fact of the elopement and separation is sufficient to put persons on inquiry, and whoever gives the wife credit afterward, gives it at his peril.  The husband is not liable. unless he receives his wife back again."  If the author meant by the passage, that the husband would be liable for necessaries furnished after receiving the wife back, the passage is undoubtedly correct.   But if the learned commentator meant

that the husband would be liable after having received the wife back, for necessaries furnished during her absence, when otherwise he would not be, the statement is not sustained by the authorities cited. Appended to the passage in question is a note (b), citing *Robinson* v. *Greinold,* 1 Salk. 119; *Morris* v. *Martin,* Stra. 647; *Child* v. *Hardyman,* Stra. 875; *Manby* v. *Scott,* 1 Mod. 124; 1 Sid. 109; 1 Lev. 4, S. C.; 12 Johns. 293; 3 Pick. 289; 2 Halst. 146. The cases cited do not maintain the doctrine, though there may be dicta in some of them that seem to sustain it. The modern authorities are all the other way. The case in 12 Johns., *M'Gahay* v. *Williams,* recognizes the doctrine "that if a woman leaves her husband, and lives separately from him, he is not liable to her contracts for necessaries, although the person giving credit to her does not know of the elopement; but if she offers to return, and her husband refuses to receive her, his liability to her contracts for necessaries revives from that time."

Chitty says: "If, after an elopement, the wife return, and the husband be reconciled and receive her again, he becomes liable upon her contracts entered into after the reconciliation, precisely to the extent to which he was responsible before her elopement, and as if it had not taken place." Chit. Con., 10 Am. ed., 193. We quote also the following passage from 1 Bishop Mar. & Div., sec. 577: "Where the separation has been produced by the fault of the wife, if the husband forgives her and receives her back to cohabitation, he cannot afterward set up this fault in bar to an action for necessaries furnished subsequently to the time when the condonation passed; but still the bar remains good as to necessaries furnished during the separation."

In the case of *Williams* v. *Prince,* 3 Strob. 490, the question was quite well considered, and it was there held that "if a wife leaves her husband, and is received back by him, he does not become liable for necessaries supplied to her during her absence." See, also, 2 Smith Lead. Cas., Am. ed., p. 503. We think that Chancellor KENT, in the last passage quoted from his invaluable work, having in view the

authorities cited by him, meant to be understood only that the husband, by receiving the wife back, would be liable for necessaries furnished after that time, and not during her absence.

The fourth charge, as before stated, was clearly erroneous, and the motion for a new trial should have prevailed.

The judgment below is reversed, with costs, and the cause remanded, for a new trial.

*Petition for a rehearing overruled.*