Filed Jan. 7, 1885.

---

No. 11,209.

## Eiler v. Crull.

Husband and Wife.—*Abandonment.*—*Liability for Wife's Necessaries.*—A husband who abandons his wife, without her fault, and leaves her for a period of months wholly without means of support, is liable to her son who provides for her necessaries during that time, without any express request or promise of the husband to pay therefor.

From the Henry Circuit Court.

*J. M. Brown, J. Brown* and *W. A. Brown,* for appellant.

*J. H. Mellett* and *E. H. Bundy,* for appellee.

Eiler *v.* Crull.

BLACK, C.—The appellee sued the appellant and recovered judgment against him for $304, for boarding and maintenance furnished by the plaintiff to the wife of the defendant for twenty-two consecutive months, commencing in October, 1880.

The appellant has assigned as error the overruling of his. motion for a new trial.

He abandoned his wife, in said month, without her fault, taking with him all the household furniture and leaving her wholly destitute of money, food or means of sustenance, and thereafter he furnished her nothing.

She owned a tract of land of about one acre, with a small house thereon. About one month before said abandonment,. she leased said premises, for a period of two years, to the plaintiff, her son by a former marriage, who, by the terms of the contract of letting, was to have the use of said premises for that period, in consideration of certain repairs which he agreed to make thereon, and which he did make.

At the request of said wife, after she had been so abandoned, the plaintiff took her to said premises, where he resided, and thereafter he maintained her there at his expense, she having no property whatever except said premises. The plaintiff knew that she had no other property, and it was agreed between him and her that he would try to get some compensation for her maintenance from the defendant.

The only question is whether the plaintiff could recover, notwithstanding the wife's ownership of said property, there being no express request or promise on the part of the defendant.

During the period in which the plaintiff provided necessaries for the abandoned wife, not upon her credit, no means of support accrued or could accrue to her from the real estate owned by her. For that period the defendant left her wholly without means of support; and having done so without her fault, he was liable to the plaintiff for providing for her necessities, without the defendant's express request or his express

promise to pay therefor.  *Litson* v. *Brown,* 26 Ind. 489;
*Watkins* v. *DeArmond,* 89 Ind. 553.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion,
that the judgment be affirmed, at the appellant's costs.

