### ARNOLD v. BRANDT.

[No. 1,964. Filed October 13, 1896.]

HUSBAND AND WIFE. — *Husband's Liability for Necessaries for Wife.*—A husband who has abandoned his wife is liable for necessaries furnished the wife after abandonment, when it is shown that her own means are inadequate for her support.

From the Ripley Circuit Court. *Affirmed.*

*S. M. Jones* and *F. S. Jones,* for appellant.

*J. L. Benham* and *C. H. Willson,* for appellee.

REINHARD, J.—This action was brought by the appellee against the appellant on an account for goods

and merchandise alleged to have been sold and delivered to appellant and his family at his instance and request. The appellant answered the general denial, and specially that the articles mentioned in the complaint were purchased of appellee by one Mary J. Arnold, the wife of appellant, who has been living separate and apart from appellant since December, 1892, which fact, during all of said time, was well known to appellee; that said Mary J. Arnold, when appellant married her in November, 1892, was the widow of one Samuel Gookins, deceased, and that she had then living children by said Gookins; that she and said children were the joint owners of 100 acres of land worth $2,500.00, and that said Mary J. Arnold owned personal property of the value of $500.00; that said Mary J. Arnold has been at all times since she abandoned the appellant the owner of real and personal property and that if she purchased said goods of appellee she did so on her own account and without the knowledge and consent of appellant.

A reply of the general denial closed the issues.

There was a jury trial and a verdict and judgment in appellee's favor for $97.00. The overruling of appellant's motion for a new trial is the only error assigned.

We are asked to reverse the judgment because of the insufficiency of the evidence.

There was evidence to prove that a portion of the goods (a bill of groceries and provisions) was purchased while appellant and Mary J. Arnold were living together as husband and wife, and used in appellant's family to supply his table while the remaining portion was used by said Mary J. Arnold and her children while she and appellant were separated. The evidence is conflicting as to which of the parties abandoned the other, but there was at least some evidence

upon which the jury had the right to rely, which showed that appellant abandoned her, and that she was without sufficient means for her support, the appellant having failed to make any provisions for her. Under these circumstances the appellant was liable for the necessaries of his wife, although there may have been no direct promise by him to pay for them. *Eiler* v. *Crull*, 99 Ind. 375; *Watkins* v. *De Armond*, 89 Ind. 553. The husband owes the wife the duty of supporting and maintaining her, and she may enforce this duty in a proper case by pledging his credit to others who supply her with necessaries. 9 Am. and Eng. Ency. of Law, 815 (note 6), 816. While it is true that the obligation cannot be enforced if the wife has sufficient means of her own, we cannot subscribe to the doctrine invoked by the appellant that if she has any means whatever, however small, he cannot be rendered liable. In the present case, as we have said, there was evidence to the effect that her own means were inadequate. While the evidence seemingly preponderates in favor of the appellant, we are not authorized to weigh it and determine its force and effect. The trial judge approved the verdict and we cannot interfere with it.

Judgment affirmed.