McDonald, Gdn., v. Moak, Ex.

---

## McDonald, Guardian, *v.* Moak, Executrix.

[No. 3,105.   Filed April 20, 1900.]

NEW TRIAL.—*When Amended Final Report of Executor Questioned by Motion For.*—An amended final report filed by an executor, in obedience to an order made after trial of exceptions to the original report, becomes the judgment of the court when it is approved, and may be questioned by a motion for a new trial on the grounds that it is not sustained by sufficient evidence and is contrary to law. *p. 529.*

WILLS.—*Election.—Widow.*—Where it is apparent from the terms of a husband's will that the assertion by the widow of the right to take, both under the law and under the will, would defeat material bequests by the testator to other legatees, such widow will be confined to the provision made by the will, after she has elected to take the benefits so provided. *p. 531.*

From the LaGrange Circuit Court.   *Reversed.*

*F. J. Dunten, J. M. Van Fleet* and *J. E. McClaskey,* for appellant.

*O. L. Ballou, J. M. Kennedy* and *F. D. Merritt,* for appellee.

ROBINSON, J.—To appellee's final report as executrix appellant filed a number of exceptions. Upon a trial some of

McDonald, Gdn., *v.* Moak, Ex.

the exceptions were sustained, and the executrix ordered to amend her report, which she did, and which was approved. This amended report was not filed by appellee in the sense of an amended pleading, but was filed in obedience to the order of the court made after a trial upon exceptions to her original report, and it became and was in fact the judgment of the court. The finding was general, but the amended report is presumably in accordance with that finding. Whether the amended report thus filed is sustained by sufficient evidence, and is contrary to law, may be questioned by a motion for a new trial on those grounds.

The record discloses that Peter Moak died leaving a will disposing of all his property. To his wife, appellee, he gave certain specific personal property "and $500 in money, absolutely, and to be used and disposed of as she may deem best"; to his wife he gave also a life estate in certain lands described, with remainder over to Bertha McDonald; also to his wife a life estate in certain other lands described with remainder over to the children of his daughter, Clara Hagarty, who are appellant's wards; to the same grandchildren he gave certain lands in fee; also to William McDonald a life estate in certain lands with remainder to Carrie McDonald. The seventh item reads: "If any personal property shall be left after making the bequest herein made to my said wife, I hereby give and bequeath the same to Bertha McDonald, issue of my daughter Etta McDonald, deceased; but, if there shall not be sufficient personal property to pay my said wife the bequest herein made to her, then the deficit shall be paid by my said grandchildren, issue of Clara Hagarty, or their legally appointed guardian, out of the rents and profits of the real estate herein devised to them." Appellee qualified as executrix. The debts and expenses of administration, not including the widow's specific bequest nor her statutory allowance, amounted to nearly twice the amount of the total personal

estate. Upon petition, appellee sold the lands devised to appellant's wards to pay debts. In her final amended report, filed upon order of court after the trial upon the exceptions, she took credit for the $500 statutory allowance. The question argued is whether, as widow, having elected to take under the will, she is entitled to this statutory allowance in addition to the provision made for her in the will.

In *Shafer* v. *Shafer*, 129 Ind. 394, the testator gave his wife certain lands during her life, and all his personal property, except money, notes, and choses in action, the executor to invest a named sum for her benefit and pay her the interest thereon; to his children and grandchildren he gave all the remainder of his property. At the widow's death the executor was to sell the property bequeathed to her, and divide the proceeds, together with the sum invested for her, among certain children. In refusing her petition for the statutory allowance, the court said: "Whatever may have been the rule of construction in this State prior to the decision in the case of *Langley* v. *Mayhew*, 107 Ind. 198, it is now settled that where a husband has made specific provision for his widow, and has also disposed of all his other property in such a way as to make it apparent that the assertion by the widow of the right to take both under the law and under the will would defeat the manifest purpose of the testator, she will be confined to the provisions made by the will, if she elects to take the provision made for her."

In *Shipman* v. *Keys*, 127 Ind. 353, the widow was given her statutory allowance in addition to the provision made for her in the will, but the residuary devise in that case was general, and not specific; and the opinion states the rule that, if the testator makes provision for his widow, "and specifically disposes of all the residue of his estate, so that the assertion by the widow of her statutory claim would defeat some material provision thereof, she will be required to elect, and can not take both."

In *Hurley* v. *McIver*, 119 Ind. 53, the testator gave to his wife certain personal property, and eighty acres of land for life, with remainder over to his children. All his other property, real and personal, he specifically devised and bequeathed to his children. No provision was made in the will for paying her $500, or any other sum. The widow occupied the land, and enjoyed the use of the personal property devised to her during her lifetime. After her death her administrator sought to sell the land she had occupied, alleging she had never received her statutory allowance. In denying the application, the court said: "Where a husband has made specific provision for his widow, and has also disposed of all his other property in such a way as to make it apparent that the assertion by the widow of the right to take both under the law and under the will would defeat the manifest purpose of the testator, she will be confined to the provision made by the will, after she has effectually elected to take the benefits so provided. *Morrison* v. *Bowman*, 29 Cal. 337."

In the case at bar all the land devised was subject to the payment of debts. But from the whole will it was evidently the intention of the testator that no part of the land should be sold to pay any sum to any beneficiary named in the will. The specific bequest made to the widow was made a charge upon certain lands, but the fee of all his lands was specifically disposed of, without any suggestion that it was subject to any other encumbrance, except the life estate upon part of it. In order to pay this $500 allowance, a part of the land specifically devised must be sold, thus setting aside the testator's intention in that regard. The assertion of this statutory claim, to that extent, defeats a material provision of the will, and, having elected to take the provision made for her by the will, she can not take both.

Whatever may have been the rule formerly in this State, under the rule declared in the case of *Hurley* v. *McIver*,

119 Ind. 53, and *Shafer* v. *Shafer*, 129 Ind. 394, appellee, as widow, is not entitled to the statutory allowance in addition to the provision made for her in the will, and upon the authority of those cases a new trial must be ordered. See, also, *Like* v. *Cooper*, 132 Ind. 391; *Whisnand* v. *Fee*, 21 Ind. App. 270; *Pierce, Ex.,* v. *Pierce*, 21 Ind. App. 184.

. The question as to the right of appellant's wards to contribution from the other devisees is not presented, and upon that question we decide nothing. Judgment reversed.