## HENRY ET AL. v. CENTRAL TRUST COMPANY, ADMINISTRATOR.

### [No. 6,088. Filed October 15, 1907.]

1. TRIAL.—*Special Findings.*—*Decedents' Estates.*—*Sale of Lands.* —In a proceeding by an administrator against the heirs for an order to sell decedent's real estate for the payment of his debts, the trial court, upon application, should make a special finding of facts. p. 370.

2. DECEDENTS' ESTATES.—*Real Estate.*—*Sales to Pay Debts.*—*Special Findings.*—*Conclusions.*—Conclusions of law that a decedent's real estate is subject to sale for the payment of debts and that defendants are liable for costs, properly follow special findings showing that defendants' claim to such land is baseless, and that decedent owed certain amounts and died the owner of the real estate sought to be sold. p. 371.

3. TRIAL.—*Special Findings.*—*Conclusions of Law.*—*Exceptions.*-- *Waiver.*—*New Trial.*—An exception to the conclusions of law admits the correctness of the facts found; and a failure to except to such conclusions is a waiver of any question of the sufficiency of the facts to sustain such conclusions, the question whether the evidence justified the facts found being properly raised by a motion for a new trial. p. 373.

4. APPEAL.—*Weighing Evidence.*—Where there is some evidence tending to prove the existence of the different facts contained in special findings, the Appellate Court will not disturb the judgment rendered thereon. p. 373.

From Putnam Circuit Court; *C. C. Matson,* Special Judge.

Proceeding by the Central Trust Company of Greencastle, as administrator of the estate of Daniel L. Henry, deceased, against Jasper J. Henry and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Charles E. Cox, Charles Remster* and *Moore & Moore,* for appellants.

*S. A. Hays,* for appellee.

COMSTOCK, C. J.—The appellee filed its petition in the Putnam Circuit Court, making the appellants defendants

370 APPELLATE COURT OF INDIANA,

Henry *v.* Central. Trust Co.—40 Ind. App. 369.

thereto, averring that Daniel L. Henry died intestate in Putnam county, Indiana, leaving surviving him his widow, Emma Henry, and certain children and a grandchild, his only heirs at law; that decedent owned two tracts of land in Putnam county, Indiana (describing them), and also lot three, block two, Braden and others' North Indianapolis addition to Indianapolis; that said real estate in Putnam county was encumbered by certain mortgages, owned and held by certain defendants to the petition, and that Emma Henry has no interest therein except the right to occupy one of said tracts; that Jasper J. Henry and Fred D. Henry were claiming some interest in and to said lot three in block two, other than as heirs of said decedent, and praying for an order of said court authorizing appellee to sell said real estate, or so much as would be necessary to pay the debts and liabilities of said estate, and praying that Emma Henry be adjudged to have no interest in said real estate, except the right to occupy a certain portion thereof, and that the title of said real estate be quieted as against all of the defendants, except such interest as they may have as heirs at law of said decedent. Emma Henry was defaulted. Defendants Nellie M. O'Hair, Emma O'Hair, Lou Ann Scobee, Martha L. Hillis, Mary E. Whelan, Maggie J. Morris and Eliza O. Clark, filed their written consent to the sale of one of the tracts described in Putnam county and lot three in block two in Braden and others' addition to North Indianapolis.

The cause was put at issue as to the other defendants except Amanda Randel and the Central Trust Company, neither of whom was served with process and neither of whom appeared to the action.

At the request of the appellants, the court properly made special findings, stated conclusions of law thereon, and rendered judgment in favor of the petitioners. *Peterson* v. *Erwin* (1902), 28. Ind. App. 330; *Slauter* v. *Favorite* (1886), 107 Ind. 291, 57 Am. Rep. 106; *Taylor* v. *Wright* (1884), 93 Ind. 121; *Wainright* v. *Bur-*

*roughs* (1891), 1 Ind. App. 393; *Wysong* v. *Nealis* (1895), 13 Ind. App. 165; *Swift* v. *Harley* (1898), 20 Ind. App. 614.

The appellants assign that the court erred in its conclusions of law and in overruling the appellants' motion for a new trial. The causes set out in the motion for a new trial are: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) the special findings are not sustained by sufficient evidence; (4) the special findings are contrary to law.

The special findings are substantially as follows: The decedent, Daniel L. Henry, died intestate in Putnam county, Indiana, on April 4, 1905, leaving surviving him as his only heirs at law, Emma Henry, his widow, and the following children, to wit, Jasper J. Henry, Fred D. Henry, Eliza O. Clark, Lou Ann Scobee, Ellena G. O'Hair, Maggie Morris, Martha Hillis, Nellie M. O'Hair and Mary Whelan, and one grandchild, Jessie Thomas, daughter of a deceased daughter of said decedent, all of whom are defendants in this action. Said Daniel L. Henry was the owner in fee simple at the time of his death of the following real estate, to wit, lot three in block two of North Indianapolis, of the probable value, exclusive of liens, of $1,200, and of the appraised value of $1,250. (We omit other tracts of real estate, for the reason that said lot is the subject of this controversy.) Prior to his marriage the decedent entered into an antenuptial contract with his said widow, of which the following is a copy (setting it out), and the same was in full force and effect at the death of said decedent, but it is not material to the matters involved in this appeal. All of said real estate owned by said decedent at the time of his death, is liable to be sold to make assets for the payment of the debts and liabilities of said estate, certain designated lands being subject however to the rights of the defendant Emma Henry therein, under the provisions of said antenuptial contract. The personal estate of the decedent is as follows (giving a statement of the personal estate and state-

ment of indebtedness). The personal estate of said decedent is insufficient to satisfy the liabilities of said estate. The claims of the defendants Jasper J. Henry and Fred D. Henry to lot three in block two in said addition are false and unfounded in law and equity. On July 22, 1904, the decedent loaned the defendants Jasper J. Henry and Fred D. Henry $2,000, and said lot three was purchased by said defendants and the improvements thereon paid for out of said money. On October 28, 1904, said Jasper J. Henry and Fred D. Henry, being indebted to said decedent, Daniel L. Henry, in the sum of $2,019, on account of said money so borrowed, conveyed said lot three in block two, above described, to Daniel L. Henry, in payment of $1,500 of said indebtedness. No part of said sum of $2,000 so borrowed of said decedent by said defendants on July 22, 1904, has ever been paid except said sum of $1,500, so paid by said conveyance above named. Said lot three in block two ought to be sold to pay the debts and liabilities of said estate. Said Jasper J. Henry and Fred D. Henry are both insolvent and have no property subject to execution, except as heirs in the estate of said Daniel L. Henry, deceased.

As conclusions of law upon the facts the court finds: The law is with the plaintiff in this cause. The following real estate described in the petition ought to be sold by the administrator of the estate of Daniel L. Henry, deceased, to make assets to pay the liabilities of the deceased, to wit: The west half of the northwest quarter of section three, and the east half of the northeast quarter of section four, both in township fourteen north, range four west, in Putnam county, Indiana, and also lot three in block two in Braden and others' addition to North Indianapolis, Marion county, Indiana. Said real estate ought to be sold at private sale for not less than the appraised value thereof. The plaintiff ought to recover of the defendants Jasper J. Henry and Fred D. Henry the costs made on the issues in this cause. It was adjudged that said lot three, with other real estate,

be sold to make assets for the payment of debts of said decedent.

We have set out a summary of the special findings, with perhaps more particularity than necessary, but to the end that it might be manifest that the conclusions of law were justified by the facts found.

An exception to a conclusion of law admits the correctness of the facts found, but appellants failed to take exception in the case at bar, thereby waiving any question of the sufficiency of the findings to sustain the conclusions of law. *Peterson* v. *Erwin, supra.* However, the sufficiency of the evidence to sustain the findings is presented by the motion for a new trial.

Without reference to certain failures upon the part of the appellants to comply with the rules of this court intended to govern the preparation of briefs and facilitate the business of this court, pointed out in behalf of the appellees, we have examined the record, and find that, from the evidence and the reasonable inferences which the court was warranted in drawing therefrom, no material fact found was wanting in evidence to support it.

No question is raised upon the sufficiency of the petition nor upon the admission or rejection of evidence, and we do not believe that any good purpose would be served, in view of the special findings, by a recital, or even a summary, of the evidence. We find no reversible error.

Judgment affirmed.