## BANTA ET AL. v. SMITH.

[No. 6,127.    Filed March 10, 1908.]

1. APPEAL.—*Briefs.*—Alleged errors not discussed are waived.
   p. 366.
2. DESCENT AND DISTRIBUTION.—*Widower's Rights in ·Deceased
   Wife's Real Estate.—Estoppel.—Waiver.*—Under §3016 Burns
   1908, Acts 1891, p. 71, §1, a widower, unless he is estopped, or has
   waived his right, is entitled to one-third of his deceased wife's
   real estate subject to its proportion of the wife's antenuptial debts.
   p. 366.
3. ESTOPPEL.—*Mortgages.—Descent and Distribution.*—A husband
   who joins his wife in a mortgage of her lands to pay her debt, the
   mortgage stipulating that the mortgagors agree to pay the debt
   secured, is estopped, upon his wife's death, from asserting his
   marital rights to such land.  p. 366.

From Noble Circuit Court; *Joseph W. Adair,* Judge.

Action by John R. Smith against DeWitt C. Banta and
others.    From a judgment for plaintiff, defendants appeal.
*Affirmed.*

*H. G. Zimmerman,* for appellants.

*R. P. Barr* and *L. W. Welker,* for appellee.

WATSON, J.—This was an action in ejectment by appellee
against appellants.    The cause was tried by the court with-
out a jury.    Special findings with conclusions of law thereon
were made.

The court found that appellee was the owner of the land
in question and entitled to possession, and a judgment was
rendered accordingly.

The special findings were, in substance, that Mary C. Ban-
ta was the owner in fee simple of certain described real es-
tate.    She died intestate, leaving surviving her DeWitt C.
Banta, her husband; Earl Z. and Bessie Banta, and Leila
Grubb, her children, who were the sole heirs.    An adminis-
trator was appointed.    There being no personal property
out of which the debts of the estate could be paid, the admin-

istrator petitioned the Noble Circuit Court to authorize him
to sell said real estate, the petition alleging that the personal
property was insufficient to pay the debts; that claims filed
and allowed aggregated $260, and that those filed and pend-
ing were in the sum of $2,421.51; that decedent owned said
real estate in fee simple; that appellee held seven promis-
sory notes, in the sum of $2,200, executed by decedent and
her husband, DeWitt C. Banta, secured by a mortgage on
said real estate, and he. claims a lien on said realty; that
said notes and mortgage were given for the purchase money
of said real estate. The petition also avers the death of the
intestate, enumerates the surviving heirs, and alleges that
the widower's share in the estate is subject to sale to satisfy
said mortgage lien. The administrator prayed for an order
of the court to sell said real estate, including the husband's
share, and made DeWitt C. Banta, Winifred, Earl Z., and
Bessie Banta, Lewis and Leila Grubb, John R. Smith, Chris-
tian Butz, and Daniel Zimmerman defendants thereto. Each
of said defendants was duly served with process, and ap-
peared and filed answers and cross-complaints. Upon the
hearing the court ordered all the real estate to be sold to sat-
isfy said mortgage and notes. By the terms of the mortgage
the mortgagors agreed to pay the mortgage debt without re-
lief from valuation laws. Notice of the sale was given, and
the land was sold for $3,010. The sale was approved by the
court, and the administrator was ordered to execute a deed
to the purchaser, appellee herein, which deed was duly re-
corded. DeWitt C., Winifred, Earl Z., and Bessie Banta
were unlawfully in possession of said land at the commence-
ment of this action, and refused to deliver possession of the
same. The conclusions of law were that John R. Smith was
the owner in fee simple of the real estate in question, and
that appellants were unlawfully in possession of the same.

DeWitt C. Banta appealed, assigning as errors (1) the
conclusions of law on the special findings; (2) the overrul-
ing of his motion for a new trial; (3) the judgment is not

fairly supported by the evidence; (4) the judgment is against the weight of evidence.

The only question discussed in the briefs is whether the court making the order of sale had jurisdiction so to do. The other assignments of error, not being discussed, need not be considered.

A widower takes one-third of his deceased wife's real estate subject to its proportion of the wife's antenuptial debts. §3016 Burns 1908, Acts 1891, p. 71, §1. This right is absolute except in cases in which the right has been waived by some agreement, either antenuptial or postnuptial, or where the surviving husband is estopped to deny the power of the court to order the sale of his share of such estate. *Leach* v. *Rains* (1897), 149 Ind. 152; *Huffman* v. *Copeland* (1894), 139 Ind. 221; *Roach* v. *White* (1884), 94 Ind. 510.

"The husband who by joining with the wife enables her to mortgage her estate, as she could not otherwise do, said mortgage containing an agreement to pay the debt secured, is estopped from denying the jurisdiction of the court to sell all the land thus mortgaged." *Herbert* v. *Rupertus* (1903), 31 Ind. App. 553. See, also, *Pearson* v. *Kepner* (1902), 29 Ind. App. 92.

The special findings show that DeWitt C. Banta joined with his wife, Mary C. Banta, in the execution of the mortgage on the described real estate; that said mortgage contained a promise to pay the debt which the mortgage secured; and, further, that said DeWitt C. Banta was surety on the notes given for the money loaned to the wife for the purchase of the land. For the reasons given, DeWitt C. Banta is estopped to question the jurisdiction of the court which ordered the sale of all the mortgaged real estate.

Judgment affirmed.