## SHUEY *v.* LAMBERT, EXECUTOR.

[No. 8,024. Filed June 17, 1913.]

1. EXECUTORS AND ADMINISTRATORS.—*Final Report.—Exceptions.— Sufficiency.*—Exceptions by a husband to the final report of the executor under the will of his deceased wife, denying the executor's right to credit for certain expenses of last sickness and funeral incurred without the knowledge or consent of the husband, and for the payment of the debts of the estate and costs of administration, as against such husband's one-third interest in the proceeds of the sale of his wife's real estate, were sufficient to challenge the executor's right to obtain credit for the several items so as to reduce the amount due such husband below such one-third. p. 571.

2. EXECUTORS AND ADMINISTRATORS.—*Exceptions to Final Report.— Amended Report.—Effect.*—Where exceptions are sustained to the final report of an executor, his amended report, filed in obedience to the order of the court, is not filed in the sense of an amended pleading, but such report as amended and approved by the court is in fact the judgment of the court, so that exceptions to the conclusions of law stated on the trial of exceptions to a final report are effective to test the correctness of such conclusions on any question raised by the exceptions to such report, unless the amendments ordered and made have cured the error, if any, shown by such original exceptions. p. 572.

3. EXECUTORS AND ADMINISTRATORS.—*Objections to Approval of Amended Report.—Motion for New Trial.*—The correctness of the court's approval of the amended final report of an executor may be tested by a motion for a new trial on the ground that the decision of the court is not sustained by sufficient evidence and is contrary to law. p. 572.

4. EXECUTORS AND ADMINISTRATORS.—*Final Report.—Claims for Credits.*—The claims of an executor in his final report for credits against the funds of the estate are in the nature of separate complaints, or allowances, and exceptions thereto place the burden on the executor to establish by competent evidence the correctness of his report as to all matters embraced in such exceptions. p. 572.

5. EXECUTORS AND ADMINISTRATORS.—*Final Report.—Exceptions.*—The final report of an executor and the exceptions thereto stand as the complaint and answer of the respective parties. p. 572.

6. EXECUTORS AND ADMINISTRATORS.—*Final Report.—Exceptions.—Findings.*—The rule that the failure of the court, in making a special finding, to find a material fact is the equivalent of finding such fact against the party having the burden of proving the same, is applicable to a trial of the exceptions to the final report of an executor. p. 573.

7. DESCENT AND DISTRIBUTION.—*Husband and Wife.—Debts.—Estoppel.*—Under the provisions of §3016 Burns 1908, Acts 1891 p. 71, the surviving husband of a deceased wife is entitled to one-third of her real estate, subject only to its proportion of her antenuptial debts, unless he has in some way waived his right thereto, or estopped himself to assert such right. (*Kinney* v. *Heuring* [1909], 44 Ind. App. 590, distinguished.) p. 573.

8. DESCENT AND DISTRIBUTION.—*Husband and Wife.—Debts.—Mortgages.—Expenses of Last Illness and Funeral.*—Conclusions of law that the husband's one-third in the proceeds of the sale of his deceased wife's real estate was subject to the payment of a proportionate part of a certain mortgage and of the expenses of the illness and funeral of the wife, as well as certain expenses of administration, were erroneous where it was not shown that the mortgage was for the wife's antenuptial debt, nor that the husband had joined in its execution or even that it covered her real estate, and it was shown that the other expenditures were incurred without his knowledge and that credit therefor was not extended to him, but to the estate. p. 574.

From Elkhart Superior Court; *Vernon W. Van Fleet,* Judge.

Exceptions by James Francis Shuey to the final report of Melvin A. Lambert, executor of the will of Malissa Alice Shuey, deceased. From a judgment approving the final report as amended, the executor appeals. *Reversed.*

*C. C. Raymer,* for appellant.
*James L. Harman,* for appellee.

FELT, J.—Appellant excepted to the final report of the appellee as executor of the will of his deceased wife, Malissa Alice Shuey. Appellant's wife died testate, in the state of Michigan, on April 6, 1909, the owner of real estate in Elkhart County, Indiana, worth approximately $4,000 and also left an estate in Michigan of about $600. Appellant at the time of his wife's death and at the time she went to Michigan, was a resident of Argenta, Illinois, where he was postmaster. Decedent's will was duly probated in the state of Michigan, where she was residing at the time of her death. Appellee, Melvin A. Lambert, qualified as executor of the will and also caused the same to be duly recorded in Elkhart County, Indiana, as by law provided, where ancillary proceedings were had in said estate.

By the terms of the will appellant was given no part of the estate of his deceased wife, though she referred to him as her beloved husband and gave as her reason for not willing him any part of her property that she believed his children would get it from him and she did not want them to have it. Appellant filed his election to take under the law of descent of the State of Indiana, and asked that the assets of the estate be marshalled and that no part of his one-third of the Indiana real estate be used to pay debts of the estate. The Indiana real estate was sold by the executor on order of court and the executor charged himself with all the proceeds of the sale in his final report.

Trial was had on appellant's exceptions to appellee's final report in said estate and on request the court made a special finding of facts and stated its conclusions of law thereon. Appellant duly excepted to each conclusion of law and thereupon in pursuance of the order of the court appellee filed an amended final report which was approved by the court to which approval appellant duly excepted. Appellant thereupon filed his motion for a new trial on the ground that (1) the decision of the court is contrary to law, and (2) is not

sustained by sufficient evidence. The motion for a new trial was overruled, appellant excepted and appealed to this court.

The errors assigned are, that the court erred in each of its first, fourth and fifth conclusions of law; in approving the amended final report of appellee and in overruling appellant's motion for a new trial.

The facts as far as material to the questions to be decided, in addition to those already stated, are in substance as follows: that the estate is pending and unsettled in Saint Joseph County, state of Michigan; that appellee received from the sale of Indiana real estate $4,050 and rents amounting to $199.05 and claimed credits against the same aggregating $3,162.56. As against appellant these credits were deducted from the price of the real estate, leaving a balance of $887.44, the one-third of which, or $295.82, according to the amended report, is due appellant as his share of the proceeds from the sale of the real estate. The credits deducted from the money received from the sale of the real estate included court costs and other expenditures incident to the sale of the real estate, taxes, part of the executor's fees and expenses, $190 of $225 attorney's fees allowed in the estate, a mortgage paid appellee of $2,575.80, $66.00 for medical services rendered decedent in her last sickness by a physician in Michigan, and $90 for a burial casket, which was ordered by appellee. The court also found that the assets of the estate are not sufficient to give to appellant one-third of the real estate in Indiana free from debts, and that a part thereof is required to pay the debts of said estate; that appellee Melvin A. Lambert was the brother of decedent and at the time of her sickness and death appellant was at his home in Illinois, and his location was well known to appellee and the other relatives of decedent who intentionally failed to notify appellant of his wife's sickness and death, though they had ample opportunity and time to have done so before her death; that he did not learn thereof until after she was dead and buried; that they failed to so notify

him in order that he should be deprived of the opportunity of purchasing his wife's burial casket or attending her funeral.

The first conclusion of law is that the one-third interest of appellant in said real estate is subject to the indebtedness of decedent in so far as is necessary to pay the debts of her estate. The fourth is that appellant is not personally liable for $90, the alleged cost of a casket purchased in Michigan for his deceased wife without his knowledge or approval, but that the same is a proper charge against her estate. The fifth is that $66 paid a physician in Michigan is a proper charge against the estate and should be allowed as a credit to the executor.

1. Appellant's amended exceptions to appellee's final report challenged the right of appellee to charge in his account and obtain credit for certain expenses of last sickness and funeral incurred in the state of Michigan, without his knowledge or consent and also certain costs of administration in that state; that at the time of the death of his wife, his property of every kind and character did not exceed $300 and she had an estate worth $5,000; that by the laws of Indiana he was entitled to one-third of the Indiana real estate free from debts of the estate contracted after marriage, and the Elkhart Circuit Court had previously entered an order to that effect; that in violation of said order and contrary to law, appellee has used and expended the greater part of the proceeds of the sale of appellant's one-third of said real estate in payment of debts of said estate and for costs of administration; that the debts so allowed and paid were contracted by decedent subsequent to her marriage with him. Appellant's exceptions to the final report were sufficient to challenge the right of the appellee to obtain credit for the several items so as to reduce the amount due him below the one-third part of the proceeds from the sale of the Indiana real estate. *Major* v. *Miller* (1905), 165 Ind. 275, 278, 75 N. E. 159.

Where exceptions are filed to a final report of an 2. executor, and upon trial of the issues so joined, some of the exceptions are sustained, and the executor ordered to amend his report in accordance with the finding of the court, which he does, and the court thereupon approves the report, it has been held that such amended report filed in obedience to the order of the court after trial of the exceptions, is not filed in the sense of an amended pleading, and that the report as amended and approved in such case, is in fact the judgment of the court. From this it follows that appellant's exceptions to the conclusions of law are still effective to test the correctness of such conclusions on any question affecting his legal rights which was originally raised by such exceptions, unless the amendments ordered by the court and made by the executor have cured the error, if any, shown by such exceptions when taken. *McDonald* v. *Moak* (1900), 24 Ind. App. 528, 57 N. E. 159; *Johnson* v. *Central Trust Co.* (1903), 159 Ind. 605, 608, 65 N. E. 1028.

In *McDonald* v. *Moak, supra,* it is also held that a 3. motion for a new trial on the ground that the decision of the court is not sustained by sufficient evidence and is contrary to law, is a proper way to test the correctness of the court's approval of such amended report. See, also, *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 31, 71 N. E. 123.

The claims of an executor in his final report for 4. credits against the funds of the estate are in the nature of separate complaints, or allowances, and exceptions thereto place the burden on the executor and require him to establish by competent evidence the correctness of his report in respect to all matters embraced in the exceptions. The report and the exceptions thereto 5. stand as the complaint and answer of the respective parties. *Spray* v. *Bertram* (1905), 165 Ind. 13, 74 N. E. 502, and cases cited; *Wysong* v. *Nealis* (1895), 13 Ind. App. 165, 169, 41 N. E. 388. The rule also applies that

where the court makes a special finding, failure to
6. find a material fact is the equivalent of finding such
fact against the party having the burden of proving
the same. *Wysong* v. *Nealis, supra* 173; *Hibben, etc., Co.*
v. *Hicks* (1901), 26 Ind. App. 646, 649, 59 N. E. 938; *Henry*
v. *Central Trust Co.* (1907), 40 Ind. App. 369, 370, 82 N.
E. 120. Section 3016 Burns 1908, Acts 1891 p. 71, provides:
"If a wife die testate or intestate leaving a widower,
7. one-third of her real estate shall descend to him,
subject, however, to its proportion of the debts of the
wife contracted before marriage." Under this statute ap-
pellant asserts his right to the full one-third part of the
proceeds from the sale of the Indiana real estate, and claims
that none of the credits by which his interest is reduced, is
for a debt contracted prior to his marriage to the decedent.
It is settled by the decisions of this and our Supreme Court
that under the aforesaid statute, the surviving husband
of a deceased wife, is entitled to one-third of her real estate,
subject only to its proportion of her debts contracted before
marriage, unless he has in some way waived his right thereto,
or estopped himself to assert such right. *Kemph* v. *Belknap*
(1896), 15 Ind. App. 77, 43 N. E. 891; *Weaver* v. *Gray*
(1906), 37 Ind. App. 35, 39, 76 N. E. 795; *Banta* v. *Smith*
(1908), 41 Ind. App. 364, 366, 83 N. E. 1017; *Roach* v.
*White* (1884), 94 Ind. 510, 512; *Herbert* v. *Rupertus* (1903),
31 Ind. App. 553, 555, 68 N. E. 598; *Leach* v. *Rains* (1897),
149 Ind. 152, 157, 48 N. E. 858. In the case of *Kinney* v.
*Huering* (1909), 44 Ind. App. 590, 87 N. E. 1053, 88 N. E.
865, this court in an opinion written by Rabb, J., criticised
the reasoning and conclusion of the cases holding that the
husband takes his one-third of the deceased wife's real estate
free from her post-nuptial debts, but under the rule of *stare
decisis* recognized the question as settled and announced
that it had become a rule of property. The court, however,
held that it was not inclined to extend the application of the
rule and refused to follow it in that case because the question

involved a mortgage, in the execution of which the husband had joined, and other specific liens, on real estate, and for the further reason that the question there arose between heirs to the property and did not involve the question of the payment of general debts of the estate of the deceased wife out of the fund derived from the sale of the husband's one-third part of real estate inherited from her. In *Hampton v. Murphy* (1910), 45 Ind. App. 513, 86 N. E. 436, 88 N. E. 876, this court in passing upon the rights of a surviving husband under §3016, *supra*, said on page 519 "It is not therefore subject to the payment of the general debts of the deceased wife. He takes the one-third under the statute absolute, and his right cannot be molested, except in case where he has waived it by agreement or has estopped himself from any claim to it. * * * If the husband has joined his wife in the execution of a mortgage upon her real estate he is estopped from denying the jurisdiction of the probate court to order all the real estate sold thus mortgaged, if necessary to pay and discharge the mortgage lien."

8. The finding of facts shows the payment of a mortgage to Melvin A. Lambert by the executor amounting to $2,575.80 but it does not show that this mortgage was for a debt contracted before marriage nor does it appear that the husband joined in its execution or even that it was upon the real estate sold by appellee. If the mortgage was executed before marriage, by the terms of the statute the husband's interest is subject to its proportion of the debt. The court stated its conclusions separately as to the items for the physician's services and the burial casket. These items were filed and allowed as credits against the funds of the estate derived from the sale of the Indiana real estate, and the court found that each item is a proper charge against the estate and should be allowed as a credit to the executor, and also approved the amended report which deducted one-third of the amount

from appellant's share of the Indiana real estate. If the court was warranted in finding these items to be debts of the estate, it follows that they are not debts of the appellant. No facts are found to show that they are debts of the decedent for which appellant's interest in the real estate may be taken in payment, and therefore it was error to deduct one-third of these items from appellant's share of the Indiana real estate. Appellee contends that on the facts of this case appellant was personally liable for all of these bills and cannot therefore complain when he is only charged with one-third of the amount. The conclusions already reached show the error of this position. The facts found do not show that credit was extended to appellant or that he became liable for any part of these bills. He is not shown to have waived his right under the statute or to have estopped himself to claim his full one-third part of the Indiana real estate as against these items. The findings that said items were proper charges against the estate is more of a conclusion of law than a finding of fact, but if given any effect at all as a finding, it would necessarily be against appellee as showing that credit was not extended to appellant but to the estate. It therefore follows from the finding of facts that no part of said claims can be deducted from appellant's share of the funds derived from the sale of the Indiana real estate. The finding as a whole is defective and incomplete. It should have covered all the facts involved in the report and found all the ultimate facts in issue. As presented, it does not warrant the conclusions of law or sustain the judgment rendered. As throwing some light on questions more or less involved in this controversy we cite the following: *Oinson* v. *Heritage* (1873), 45 Ind. 73, 75, 15 Am. Rep. 258; *Rariden* v. *Mason* (1903), 30 Ind. App. 425, 427, 65 N. E. 554; *Arnold* v. *Brandt* (1896), 16 Ind. App. 169, 44 N. E. 936; *Eiler* v. *Crull* (1885), 99 Ind. 375; *Litson* v. *Brown* (1866), 26 Ind. 489;

Schouler, Husband and Wife §§119, 120; Schouler, Domestic Relations (4th ed.) §§69, 70; 15 Am. and Eng. Ency. Law (2d ed.) 883-888; 21 Cyc. 1223.

The judgment is therefore reversed with instructions to the lower court to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Adams, C. J., Hottel, P. J., Lairy, Ibach and Shea, JJ., concur.

Note.—Reported in 102 N. E. 150. See, also, under (1, 5) 18 Cyc. 1171; (2) 18 Cyc. 1171, 1174; (3) 29 Cyc. 724, 725, (4) 18 Cyc. 1180; (6) 38 Cyc. 1985; (7) 14 Cyc. 81; (8) 14 Cyc. 126, 199. As to courtesy and statutory regulation of it, see 128 Am. St. 487.